UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WORLD FUEL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cv-07836 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

A temporary restraining order is "an extraordinary remedy [that is] never awarded as of right." *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018) (quoting *Winter v. Natural Res. Def. Counsel, Inc.* 555 U.S. 7, 24 (2008)). A party seeking a preliminary injunction or temporary restraining order must demonstrate that (1) its claim has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) absent injunctive relief, it will suffer irreparable harm in the period prior to final resolution of its claims. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008). If those conditions are met, the Court must then evaluate whether the balance of harms favors the moving party and if the award of relief is in the public interest. *Id.*

In evaluating these criteria, the Court uses a "sliding scale" approach: if a claim is very likely to succeed on the merits, less harm to the plaintiff will be required to justify injunctive relief and vice versa. *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 12 (7th Cir. 1992). The plaintiff must demonstrate "some" likelihood of success, not simply a "better than negligible" chance of success as plaintiff claims. *Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020). The determination of what

1

constitutes "some" likelihood of success depends on the facts of the case because of the sliding scale approach. *Id.*

Plaintiff argues in its brief that it is likely to succeed on the merits of its claims that the City wrongfully determined plaintiff's bids were not responsive and that the City wrongfully awarded the contracts to Colonial before the deadline for plaintiff to file a pre-award protest. Dkt. 6, pg. 15. The City contests this and points out the significant harm to the City and to the public if the temporary restraining order was granted. Since the City has already signed a contract with Colonial and Colonial has already begun delivering on the contract, granting plaintiff's temporary restraining order would mean the City would not only have to pay Colonial under its existing contract, but would also have to pay World Fuel Services for fuel. Imposing a requirement on the City to pay for not one, but two fuel suppliers would cost the City and taxpayers millions of dollars.

The Court also notes the timing of the motion. While the Court understands that plaintiff filed pre and post-award protests to exhaust their potential remedies, plaintiff waited a month after filing the complaint to file this motion for a temporary restraining order. As defendant's counsel noted, moving for a temporary restraining order earlier could have mitigated costs to the City and to the public of obtaining fuel from World Fuel Services rather than Colonial. Filing the motion now has increased the potential harm to the City and to the public, tipping the scales to denying the motion.

Using the sliding scale approach set forth in *Abbott Labs.*, the Court finds that plaintiff has not shown enough likelihood of success to justify the "extraordinary remedy" of a temporary restraining order given the considerable monetary harm to the City and the public. The Court will consider further evidence at the preliminary injunction hearing. Plaintiff's motion for a temporary restraining order is DENIED. Plaintiff's motion for a preliminary injunction is entered and continued. IT IS SO ORDERED.

Date: 1/29/2021                    Entered: _____
                                   SHARON JOHNSON COLEMAN
                                   United States District Court Judge

3